UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

JANET GUZMAN, ET AL                                 CIVIL ACTION

VERSUS

REVOLUTION NIGHT CLUB, LLC                   NO. 3:25-cv-01029-BAJ-SDJ

**************************************************************************

PLAINTIFFS' STATUS REPORT[1]

A.    JURISDICTION

What is the basis for the jurisdiction of the Court?

Plaintiffs have asserted claims under the Lanham Act, 15 U.S.C. § 1125(a), and this Court therefore has federal question jurisdiction pursuant to 28 U.S.C. § 1331. In addition, since no Plaintiff is a resident of Louisiana, and the amount in controversy exceeds $75,000, this Court would also have diversity jurisdiction pursuant to 28 U.S.C. § 1332.

B.    BRIEF EXPLANATION OF THE CASE

1.    Plaintiff claims:

Each of the seven (7) Plaintiffs in this case (Janet Guzman, Jennifer Zharinova, Katarina Van Derham, Mariana Davalos, Rosa Acosta, Yodit Yemane a/k/a Jodie Joe and Stephanie Rao) is a professional model, actress and/or businesswomen who earns or has earned a living by promoting her image, likeness, and/or identity (collectively, "Images")

---

[1] Plaintiffs' counsel attempted to contact Pedro Guauta, who has made certain filings in this matter on behalf of defendant Revolution Night Club, LLC, to get his input for this status report but this attempt was unsuccessful.

1

to select clients, commercial brands, media and entertainment outlets. Plaintiffs' careers place a high degree of value on their reputation and goodwill, which each Plaintiff has established over many years, which each Plaintiff diligently fosters and protects, and which are critical such that each Plaintiff may maximize her earning potential, book modeling contracts, and build and maintain her individual brand.

As detailed in the Complaint, it is Plaintiffs' position that Defendant misappropriated, intentionally altered, and published on their websites and/or social media pages to create a false impression with the public that Plaintiffs were either employees who worked at their night club ("Club"), or that they endorsed same. These advertisements were created and published for the purposes of promoting the Club, attracting patrons thereto and thus were for Defendant's commercial benefit. It is undisputed that no Plaintiff ever gave Defendant permission to use her Image, and that Defendant never compensated any Plaintiff for the use of her Image.

It is Plaintiffs' position that Defendant's unauthorized misappropriation, alteration, and publication of Plaintiffs' Images violates, inter alia, the Lanham Act (which prohibits both false or misleading representations of fact in commercial advertising and the false or misleading use of a person's image for commercial purposes); Violation of Louisiana's Right to Privacy; Violation of Right to Publicity and/or Allen Toussaint Legacy Act La. R.S. 51:470.1 et. seq.; Defamation; Violation of LUTPA, La. R.S. 51:1401-18; Negligence, Gross Negligence, and Respondeat Superior; Conversion; Unjust Enrichment, and Quantum Meruit. Plaintiffs respectfully request Judgment in their favor and against Defendant (a) For actual damages, in an amount to be determined at trial, but in all events not less than seventy-five thousand dollars ($75,000.00), relating to

2

Plaintiffs' first through tenth causes of action; (b) For an order permanently enjoining Defendant from using Plaintiffs' Images to promote the Club; (c) For punitive damages, in an amount to be determined at trial; (d) For all costs and attorneys' fees incurred by Plaintiffs in the prosecution of this Action; (e) In the alternative, for a declaration that La. R.S. 51:470.2(7) is unconstitutional to the extent it discriminates against nonresidents; (f) For judicial interest; and (g) For such other and further relief as the Court may deem just and proper.

2.      Defendant claims:

**C.      PENDING MOTIONS**

List any pending motion(s), the date filed, and the basis of the motion(s):

The parties currently do not have any pending motion(s).

**D.      ISSUES**

List the principal legal issues involved and indicate whether or not any of those issues are in dispute:

1.      Whether the Defendant misappropriated, altered, and/or published the Plaintiffs' images and whether that violates the Lanham Act.

2.      Whether there was any violation of Louisiana's Right to Privacy, Right to Publicity, and/or the Allen Toussaint Legacy Act, La. R.S. 51:470.1 et. seq.

3.      Whether there was any defamation as a matter of fact or law.

4.      Whether there was a violation of LUTPA, La. R.S. 51:1401-18, and the applicability of LUTPA to this case.

3

5. Whether the Defendant's actions constitute negligence, gross negligence, or conversion as alleged by the Plaintiffs.

6. Whether the Plaintiffs have asserted causes of action as pleaded in the Complaint.

7. Whether the Plaintiffs have sustained or are entitled to any damages, attorney's fees, or costs as a matter of fact or law.

8. Whether La. R.S. 51:470.2(7) is unconstitutional to the extent it discriminates against nonresidents.

**E. DAMAGES**

Separately, for each party who claims damages or an offset, set forth the computation of damages or the offset:

1. Plaintiff's calculation of damages:    Plaintiffs are currently having an estimate of the fair market value of Defendant's use of their images prepared by their expert and should be able to disclose it to the Defendant in the next two (2) weeks.

2. Defendant's calculation of offset and/or plaintiff's damages:

3. Counterclaimant/cross claimant/third party's calculation of damages: N/A.

**F. SERVICE:**

Identify any unresolved issues as to waiver or service of process, personal jurisdiction, or venue:

Not Applicable. Defendant has been properly served and has appeared via its owner but has not retained counsel.

G.    **DISCOVERY**

    1.    Initial Disclosures:

        A. Have the initial disclosures required under FRCP 26(a)(1) been completed?

            [ ] YES [**X**] NO

        In accordance with Local Rule 26(b), the parties shall provide their initial disclosures to the opposing party no later than 7 days before the date of the scheduling conference, unless a party objects to initial disclosures during the FRCP 26(f) conference and states the objection below.

        B. Do any parties object to initial disclosures?

            [ ] YES [**X**] NO

        For any party who answered yes, please explain your reasons for objecting.

    2.    Briefly describe any discovery that has been completed or is in progress:

        By plaintiff(s): No discovery has been completed or is in progress as Defendant has not retained counsel.

        By defendant(s):

    3.    Please describe any protective orders or other limitations on discovery that may be required/sought during the course of discovery. (For example: are there any confidential business records or medical records that will be sought? Will information that is otherwise privileged be at issue?)

Plaintiffs anticipate producing confidential and sensitive financial and earnings-related documents during discovery, including but not limited to W-2 forms, contracts, bank statements, and related records. Accordingly, Plaintiffs will require the entry of a protective order governing the use and disclosure of such materials prior to their production. No other special limitations on discovery are anticipated at this time.

4.      Discovery from experts:

Identify the subject matter(s) as to which expert testimony will be offered:

By plaintiff(s): Plaintiffs' anticipated expert is Stephen Chamberlin. Mr. Chamberlin has extensive background, knowledge and experience in the modeling and talent industry, as well as with the economics of image use, the valuation of image uses, model and public personality career valuation and the effective rates of work and valuation. Plaintiffs also anticipate providing survey evidence of confusion created by Defendants' use of Plaintiffs' images and will use Thomas Maronick to conduct that survey and write a report concerning the survey results.

By defendant(s):

## H.    PROPOSED SCHEDULING ORDER

1.  If the parties propose an alternative timeframe for exchanging initial disclosures, please provide that proposed deadline: **February 19, 2026.**

2.  Recommended deadlines to join other parties or to amend the pleadings: **April 30, 2026**.

3.  Filing all discovery motions and completing all discovery except experts: **September 30, 2026.**

4. Disclosure of identities and resumés of expert witnesses (if appropriate, you may suggest different dates for disclosure of experts in different subject matters):

> Plaintiff(s): **October 30, 2026**.

> Defendant(s): **November 30, 2026**.

5. Exchange of expert reports:

> Plaintiff(s): **November 30, 2026**.

> Defendant(s): **December 30, 2026**.

6. Completion of discovery from experts: **January 29, 2027**.

7. Filing dispositive motions and Daubert motions: **February 26, 2027**.

8. All remaining deadlines and the pre-trial conference and trial date will be included in the initial scheduling order. The deadlines will be determined based on the presiding judge's schedule, within the following general parameters. The parties should not provide any proposed dates for these remaining deadlines.

a. Deadline to file pre-trial order (approximately 16 weeks after dispositive motion deadline).

b. Deadline to file motions in limine (approximately 20-22 weeks after dispositive motion deadline).

c. Deadline to file an affidavit of settlement efforts (approximately 22-24 weeks after dispositive motion deadline).

d. Deadline to submit joint jury instructions, voir dire, verdict forms, and trial briefs to the presiding judge (approximately 25-27 weeks after dispositive motion deadline).

e. Pre-trial conference date (approximately 18-20 weeks after dispositive motion deadline).

f. Trial date (approximately 27-29 weeks after dispositive motion deadline).

9.  If the general outline of proposed deadlines does not fit the circumstances of your particular case, please provide a proposed joint schedule of deadlines which is more appropriate for your case. N/A.

## I.    TRIAL

1.  Has a demand for trial by jury been made?

[**X**] YES [ ] NO

2.  Estimate the number of days that trial will require. Approximately 5-7 days.

## J.    OTHER MATTERS

Are there any specific problems the parties wish to address at the scheduling conference?

[ **X**] YES [ ] NO

i. If the answer is yes, please explain: Though the Defendant is a limited liability company, it has purported to appear via its owner.  Plaintiffs' understanding is that a corporation must be represented by counsel.

ii. If the answer is no, do the parties want the court to cancel the scheduling conference and to enter a scheduling order based on the deadlines set out in this report? CHECK "NO" IF YOU HAVE NOT SUBMITTED JOINT PROPOSED DEADLINES.

[ ] YES [ ] NO

8

K.    **SETTLEMENT**

1.    Please set forth what efforts, if any, the parties have made to settle this case to date.

No efforts have been made by the parties to settle this case to date as Defendant has not retained counsel.

2.    Do the parties wish to have a settlement conference:

[**X**] YES [ ] NO

If your answer is yes, at what stage of litigation would a settlement conference be most beneficial?

Plaintiffs believe that a settlement conference would be most productive after written discovery has been propounded and responses have been exchanged.

L.    **CONSENT TO JURISDICTION BY A MAGISTRATE JUDGE**

You have the right to waive your right to proceed before a United States District Judge and may instead consent to proceed before a United States Magistrate Judge. Indicate whether, at this time, all parties will agree, pursuant to 28 U.S.C. § 636(c), to have a Magistrate Judge handle all the remaining pretrial aspects of this case and preside over a jury or bench trial, with appeal lying to the United States Court of Appeals for the Fifth Circuit.

All parties agree to jurisdiction by a Magistrate Judge of this court:

[ ] YES [**X**] NO

Report dated: January 29, 2026

*/s/ John V. Golaszewski*
JOHN V. GOLASZEWSKI*

9

10

THE CASAS LAW FIRM, P.C.
N.Y. Bar No. 4121091
1325 Ave. of the Americas, 28th Fl.
New York, NY 10019
john@talentrights.law
T: 646.872.3178
*admitted Pro Hac Vice
*Attorney for Plaintiffs*

/s/ Stephen M. Kepper
Stephen M. Kepper
LA Bar Number: 34618
INTELLECTUAL PROPERTY
CONSULTING, LLC
400 Poydras St., Suite 1400
New Orleans, LA. 70130
Tel: (504) 322-7166
Fax: (504) 322-7184
E-mail:
skepper@iplawconsulting.com
*Attorney for Plaintiffs*

10

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on this 29th day of January 2026, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to all attorneys of record.

*/s/ John V. Golaszewski*
John V. Golaszewski